IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-51141
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ELISEO IBARRA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-971-ALL

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, Eliseo Ibarra was convicted of conspiracy to illegally transport aliens and two counts of aiding and abetting the illegal transportation of aliens for private financial gain. He received an aggregate sentence of 90 months of imprisonment and a three-year term of supervised release. Ibarra now appeals, challenging only his convictions on the non-conspiracy counts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ibarra argues that there was insufficient evidence to support his convictions because there was no evidence that he knew that the two aliens at issue in Counts 2 and 3 of the indictment were in this country illegally. Viewed in the light most favorable to the verdict, United States v. Serna-Villarreal, 352 F.3d 225, 234 (5th Cir. 2003), the evidence presented at the trial showed that a driver under Ibarra's direction was transporting a load of illegal aliens. That load included the two aliens named in Counts 2 and 3 of Ibarra's indictment. Despite the lack of any interpersonal contact between Ibarra and the two aliens at issue here and the fact that the two aliens were unaware of Ibarra's existence, the circumstantial evidence supports the legal conclusion that Ibarra knew that the aliens being transported by Ibarra's driver were illegal aliens. See United States v. Romero-Cruz, 201 F.3d 374, 379 (5th Cir. 2000). Because a rational juror could have found beyond a reasonable doubt that the evidence established Ibarra's guilty knowledge, there was sufficient evidence to support the convictions on Counts 2 and 3 of the indictment. See Serna-Villarreal, 352 F.3d at 234.

Ibarra also argues that the district court abused its discretion when it allowed one of Ibarra's codefendants to make a blanket invocation of his Fifth Amendment privilege against self-incrimination. He contends that the district court did not make a sufficient inquiry into the validity and the scope of the privilege. In light of the facts that the codefendant was charged in each of the counts on which Ibarra was being tried, that the codefendant was awaiting sentencing in his own case, and that Ibarra has not indicated what material and relevant testimony was excluded, there was no abuse of discretion. See United States v. Boyett, 923 F.2d 378, 379-80 (5th Cir. 1991); United States v. Goodwin, 625 F.2d 693, 701 (5th Cir. 1980); United States v. Melchor Moreno, 536 F.2d 1042, 1050 (5th Cir. 1976).

AFFIRMED.